The Honorable Paul Feleciano, Jr. State Senator, Twenty-Eighth District State Capitol, Room 452-E Topeka, Kansas 66612-1504
Dear Senator Feleciano:
As senator for the twenty-eighth district, you request our opinion regarding the legality of 1995 senate bill no. 39 (S.B. 39). Specifically, you ask whether the exemption from taxation of benefits paid by the Kansas public employees retirement system (KPERS) set forth in K.S.A. 1994 Supp. 74-4923 may legally be amended to permit taxation of such benefits.
Kansas adjusted gross income is based in part on federal adjusted gross income. In order to determine a person's Kansas adjusted gross income, those items set forth in subsection (b) of K.S.A. 1994 Supp. 79-32,117 are added to a taxpayer's federal adjusted gross income; those items set forth in subsection (c) are subtracted from the taxpayer's federal adjusted gross income. Retirement benefits paid by KPERS are subtracted from federal adjusted gross income pursuant to K.S.A. 1994 Supp. 74-4923 and subsection (c)(ii) of K.S.A. 1994 Supp. 79-32,117.
S.B. 39 would modify K.S.A. 1994 Supp. 74-4923 as follows:
 "(b) Except to the extent otherwise provided by K.S.A. 79-32,117, and amendments thereto, any annuity, benefits, funds, property or rights created by, or accruing to any person under the provisions of K.S.A. 74-4901 et seq. or 74-4951 et seq., and amendments thereto, shall be exempt from any tax of the state of Kansas or any political subdivision or taxing body of the state. . . ." 1995 S.B. 39, sec. 8 (emphasis denotes new language).
S.B. 39 leaves unchanged subsection (c)(ii) of K.S.A. 1994 Supp.79-32,117 but amends subsection (c)(vii) as follows:
 "(c) There shall be subtracted from federal adjusted gross income:
. . . .
 "(vii) Amounts received as annuities under the federal civil service retirement system from the civil service retirement and disability fund and other amounts received as retirement benefits in whatever form which were earned for being employed by the federal government or for service in the armed forces of the United States by any taxpayer as retirement benefits in whatever form which were earned for being self-employed or for being employed by a public or private entity, to the extent included in federal adjusted gross income, but not exceeding $2,000." 1995 S.B. 39, sec. 1.
Pursuant to these amendments, it appears retirement benefits paid by KPERS in an amount not exceeding $2,000 will be subtracted from federal adjusted gross income, thus being exempt from taxation by the state, while amounts over $2,000 will be included in Kansas adjusted gross income and will be taxable by the state. [Member contributions picked up by employers pursuant to K.S.A. 74-4919
and K.S.A. 1994 Supp. 74-4965 which were taxed in the year remitted will be exempt from further taxation pursuant to subsection (c)(ix) of section 1 of S.B. 39.]
In Attorney General Opinion No. 94-59, it was determined that amendments in 1994 senate bill no. 623 proposing to remove the tax exemption of KPERS benefits impaired a contractual right of those members of KPERS having a vested right in the retirement system without accompaniment of an offsetting or counterbalancing advantage, thus violating section 10 of article 1 of the United States constitution and subsection (a) of K.S.A. 74-4923. A similar impairment exists in the provisions proposed in S.B. 39 insofar as a member's benefits exceed $2,000 and the amount of any applicable contributions. S.B. 39 permits an amount not exceeding $2,000 received as a retirement benefit from KPERS to be exempt from state taxation, as is the present situation. However, S.B. 39 proposes taxing all amounts in excess of $2,000 received as non-contributory retirement benefits from KPERS. Such taxation is a modification of a contractual provision of the retirement system. No offsetting or counterbalancing advantage is offered to those members of KPERS who have achieved a vested interest in the retirement system and whose non-contributory benefits exceed $2,000. Because S.B. 39 in its present form impairs a contractual right of those members without offering an offsetting or counterbalancing advantage, the bill violates section 10 of article 1 of the United States constitution.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm